# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| JOHN W. LINDSTROM, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL J. ASTRUE, Commissioner of Social Security, <br><br> Defendant. | No. C 07-3050-MWB <br><br> **ORDER REGARDING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

_____

## I. INTRODUCTION

On November 12, 2003, plaintiff John Lindstrom protectively filed an application for disability benefits under the Social Security Disability Insurance program. This application was denied initially and on reconsideration. Lindstrom then requested and was provided a hearing on September 8, 2005. At this hearing, the Administrative Law Judge (ALJ) ruled against Lindstrom, finding that he was not disabled absent his alcoholism. Lindstrom appealed the ruling to the Appeals Council, which found on March 23, 2006 that his case should be remanded for another hearing in front of an ALJ. On August 15, 2006, Lindstrom was provided with another hearing, and, again, it was found that Lindstrom was not disabled. Lindstrom again appealed the unfavorable decision to the Appeals Council, but this time it denied his request for review. As a result, the ALJ's decision was a final decision of the Commissioner of Social Security.

On July 25, 2007, Lindstrom filed a complaint in this court seeking review of the Commissioner's final decision denying him benefits. Doc. No. 1. The undersigned referred the matter to Chief United States Magistrate Judge Paul A. Zoss for a report and

recommendation. Both parties filed briefs in support of their positions (Docket Nos. 7 and 8) and Lindstrom waived his right to file a reply brief. Doc. No. 9. On August 18, 2008, Judge Zoss issued his report and recommendation. Doc. No. 11. In his report and recommendation, Judge Zoss notes that "Lindstrom has offered no evidence to prove he became disabled as of" September 17, 2002 and that the first medical evidence of record is from August 2003, and he recommends remanding the case due to the following findings: first, that the record was not fully and fairly developed due to the ALJ's failure to obtain and properly consider the VA's disability determination; second, the ALJ erred in failing to obtain a "comprehensive psychological evaluation," which would allow recognition of Lindstrom's employment abilities; and third, the ALJ did not properly evaluate Lindstrom's credibility by failing to affirmatively refute Lindstrom's claims. *Id*. Neither Lindstrom nor the Commissioner filed objections to Judge Zoss's report and recommendation.

## II. ANALYSIS

The court reviews the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and

2

recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, the court reviews the magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). After conducting its review, the court is not "'left with [a] definite and firm conviction that a mistake has been committed,'" and finds no reason to reject the magistrate judge's recommendation.

*Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Again, Judge Zoss's first finding is that the record was not fully and fairly developed due to the ALJ's failure to obtain and properly consider the VA's disability determination. The Code of Federal Regulations explicitly discusses how "[d]eterminations by other organizations and agencies" affect a disability finding by the Social Security Administration:

> A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

20 C.F.R. § 404.1504. The Eighth Circuit Court of Appeals has cited this regulation in stating that ALJs are not bound by the Veteran's Administration's findings of disability. *See Fisher v. Shalala*, 41 F.3d 1261, 1262 (8th Cir. 1994); *Jenkins v. Chater*, 76 F.3d 231, 233 (8th Cir. 1996); *Hunt v. Astrue*, 242 Fed.Appx. 376, 377 (8th Cir. 2008). In *Hunt*, the Eighth Circuit Court of Appeals explained that the VA's determination was not binding and that the "ALJ was not required to discuss it." *Hunt* at 377. However, the court gave a specific rationale for the ALJ's not needing to "discuss it," which was that "it was not relevant to the period at issue." *Id*. Had the court believed that an ALJ never needed to discuss the VA determination, they could have stated as much. Instead, the court specifically gave the alternative reason for endorsing the ALJ's decision not to discuss the VA determination.

Although a VA determination or finding is not binding, the Eighth Circuit Court of Appeals has stated that a "'VA finding [is] important enough to deserve explicit attention'

4

and must be considered by the ALJ." *DuBois v. Barnhart*, 137 Fed.Appx. 920, 921 (8th Cir. 2005) (quoting *Morrison v. Apfel*, 146 F.3d 625, 628 (8th Cir. 1998). In *DuBois*, the ALJ was found to have "evaluated the conflicting medical and lay opinions regarding Mr. DuBois's ability to work differently from the way the VA did, as was the ALJ's prerogative." *Id.* In *Morrison*, the Eighth Circuit Court of Appeals explained:

> If the ALJ was going to reject the VA's finding, reasons should have been given, to enable a reasoned review by the courts. We are fortified in this conclusion by the fact that the Social Security Administration has given this very instruction to its adjudicators. A 1992 memorandum from the Social Security Administration's Chief Administrative Law Judge to the Office of Hearings and Appeals field personnel reminded "all ALJs and decision writers that even though another agency's determination that a claimant is disabled is not binding on SSA …, the ALJ must evaluate it as any other piece of evidence, and address it in the decision." Memorandum, Social Security Administration Office of Hearings and Appeals (Oct. 2, 1992), at 3 (emphasis added).

*Morrison* at 628.

The Commissioner argues that the ALJ's decision was consistent with *Morrison* because "he was aware that Plaintiff received a disability pension award from the VA and that he explicitly considered this in his decision." Doc. No. 8. The Commissioner then explains that "the ALJ both recognized that Plaintiff received disability pension benefits from the VA and explained why he was not bound by that determination." *Id.* In other words, the Commissioner is asking this court to believe that an ALJ gives a VA finding explicit attention and consideration when he or she recognizes the VA finding exists and explains why an ALJ is not bound by the determination. The ALJ may have given the VA finding explicit attention, though not much explicit attention, by recognizing its existence. However, the court has very little basis on which to find the ALJ "considered" the VA's

findings. The Commissioner's argument erroneously assumes that consideration of why the VA finding is not binding is consideration of the actual VA finding. Instead, the ALJ must consider the actual finding and not simply consider how ALJs are not, generally, bound by VA findings. As cited above, *Morrison* states that, whatever consideration the ALJ decides to give to the VA determination, "reasons should… [be] given, to enable a reasoned review by the courts." *Morrison* at 628. In contrast, the ALJ in this case explains:

> The claimant has not shown that the VA's rating or decision under its system is the equivalent to a finding of disability under the Social Security Act.

Doc. No. 11. In this statement, the ALJ identifies a reason for refusing to consider the VA finding. However, not only does the reason fail to enable this court to provide reasoned review, but the reason is also erroneous. In addition, the Memorandum quoted in *Morrison* states that the agency's determination should be evaluated like "any other piece of evidence." *Id*. Unless the Commissioner posits that an ALJ's review of evidence only extends to a determination of whether or not the evidence is binding on his or her decision, the Commissioner's contention is simply untenable. Clearly, an ALJ's analysis of evidence must go further. The court finds that Judge Zoss's recommendation that the "case be remanded for further development of the record with instructions for the ALJ to obtain and properly consider the VA's disability determination" is, for the above reasons, correct and not clearly erroneous.

Although Judge Zoss's first finding warrants remand of the case, he also found that the ALJ did not properly determine Lindstrom's residual functional capacity (RESIDUAL FUNCTIONAL CAPACITY). First, Judge Zoss found that the ALJ erred in failing to obtain a "comprehensive psychological evaluation," which would allow recognition of

6

Lindstrom's employment abilities. Doc. No. 11. Second, Judge Zoss found that the ALJ did not properly evaluate Lindstrom's credibility by failing to affirmatively refute Lindstrom's claims.

The ALJ's duty to evaluate a claimant's RESIDUAL FUNCTIONAL CAPACITY stems from the Code of Federal Regulations (C.F.R.). *See* 20 C.F.R. § 404.1520(a)(4)(iii)-(v). An ALJ should "use th[e] residual functional capacity assessment at both step four and step five when [an ALJ] evaluate[s] [a] claim at these steps." 20 C.F.R. § 404.1520(a)(4). In order to make a finding of the claimant's RESIDUAL FUNCTIONAL CAPACITY, the ALJ should consider "all the relevant medical and other evidence in [the claimant's] case record, as explained in [20 C.F.R] § 404.1545." 20 C.F.R. § 404.1520(e). And, § 404.1545(4) explains that the ALJ should "consider [the claimants] ability to meet the physical, mental, sensory, and other requirements of work…." 20 C.F.R § 404.1545(4). Although a claimant is,

> responsible for providing the evidence [the ALJ] will use to make a finding about [the claimant's] residual functional capacity… before [an ALJ] make(s) a determination that [a claimant is] not disabled, [the ALJ is] responsible for developing [the claimant's] complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [his or her] own medical sources. (See §§ 404.1512(d) through (f).) [The ALJ] will consider any statements about what [the claimant] can still do that have been provided by medical sources, whether or not they are based on formal medical examinations. (See § 404.1513.) [The ALJ] will also consider descriptions and observations of [the claimant's] limitations from [the claimant's] impairment(s), including limitations that result from [the claimant's] symptoms, such as pain, provided by [the claimant], [the claimant's] family, neighbors, friends, or

7

other persons. (See paragraph (e) of this section and § 404.1529.)

20 C.F.R § 404.1545(3).

The Commissioner argues that the ALJ did not err in failing to obtain additional evaluations of Lindstrom because "[t]he combination of Dr. Dettmann's well-supported findings and the opinions of a State Agency psychologist and psychiatrists constitute substantial evidence that supports the ALJ's decision." Doc. No. 8. The Commissioner also states that "[t]he ALJ could properly rely on the well-supported findings of Dr. Dettmann in assessing Plaintiff's RESIDUAL FUNCTIONAL CAPACITY." *Id.* However, Judge Zoss found that, although Dr. Dettmann concluded from his neuropsychological evaluation that Lindstrom is able to work, the conclusion was "not supported by a recitation of any work-related limitations." Doc. No. 11. Considering the ALJ's duties explained above, the court finds that Judge Zoss's recommendation was not clearly erroneous in this respect and that Lindstrom's work-related limitations should be further developed on remand.

In clarifying the C.F.R.'s guidance in relation to the ALJ's credibility assessment of the claimant, the Eighth Circuit Court of Appeals has explained that an "adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations." *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). Instead, "[s]ubjective complaints may be discounted if there are inconsistencies in the evidence as a whole." *Id.* In *Polaski*, the court more specifically explained:

> The adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them…. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work

> record, and observations by third parties and treating and examining physicians relating to such matters as:
> 1. the claimant's daily activities;
> 2. the duration, frequency and intensity of the pain;
> 3. precipitating and aggravating factors;
> 4. dosage, effectiveness and side effects of medication;
> 5. functional restrictions.

*Id.* In relation to this framework, the Eighth Circuit Court of Appeals has found that "[t]he ALJ is not required to discuss each *Polaski* factor as long as the analytical framework is recognized and considered. *Tucker v. Barnhart*, 363 F.3d 781, 783 (2004)(quoting *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir.1996)).

The Commissioner argues that the ALJ did not err in his credibility assessment and cites alleged inconsistencies in Lindstrom's testimony. Judge Zoss, however, simply observed that "the ALJ failed to address the bulk of Lindstrom's subjective claims… that the VE [Vocational Expert] indicated he would be unable to work…" and that "there is nothing in the record to affirmatively refute Lindstrom's claims." Doc. No. 11. The court finds that Judge Zoss's finding that the ALJ did not properly evaluate Lindstrom's credibility by failing to affirmatively refute his claims is not clearly erroneous. On remand, the ALJ, although not required to pen a perfect opinion (*see Senne v. Apfel*, 198 F.3d 1065, 1067 (8th Cir. 1999)),[1] should provide reviewing courts with sufficient explanation of his or her credibility assessment as to assure reviewing courts that it was not formed "solely on the basis of personal observations." *See Polaski* at 1322.

---

[1] As the Commissioner pointed out in his brief (Doc. No. 8), the Eighth Circuit Court of Appeals noted in *Senne* that "deficiency in opinion-writing is not a sufficient reason for setting aside an administrative finding where the deficiency had no practical effect on the outcome of the case." *Senne v. Apfel*, 198 F.3d 1065, 1067 (8th Cir. 1999).

9

### *III. CONCLUSION*

The court accepts Judge Zoss's un-objected to report and recommendation. As the parties recognize as an option, and Judge Zoss recommends, "the proper remedy is remand to allow the Commissioner to correct the deficiencies in the ALJ's decision." Doc. No. 11. Although the court has power to reverse the decision, under 42 U.S.C. § 405, the Commissioner should be given a chance to further develop the record, obtain sufficient evidence, and conduct a proper credibility analysis of the claimant's statements. Therefore, the plaintiff's request that the Commissioner's decision be vacated is **granted** and the cause is **remanded**.

**IT IS SO ORDERED.**

**DATED** this 29th day of September, 2008.

*[signature: Mark W. Bennett]*

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA