IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JOHN W. LINDSTROM,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | No. C 07-3050-MWB;<br>　　 C 09-3053-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)** |

_____

## *I. INTRODUCTION*

These Social Security benefits cases come before me on plaintiff John Lindstrom's Motion For Attorneys Fees Pursuant To 42 U.S.C. § 406(b), brought by his attorney Thomas Krause (C 07-3050, docket no. 20; C 09-3053, docket no. 28).

On November 12, 2003, Lindstrom filed an application for disability insurance benefits, which was denied initially and on reconsideration. After a hearing on September 8, 2005, an Administrative Law Judge (ALJ) found that Lindstrom was not disabled. Lindstrom appealed the ruling to the Appeals Council, which remanded the case on March 23, 2006, for another hearing in front of an ALJ. After a second hearing on August 15, 2006, an ALJ again found that Lindstrom was not disabled. Lindstrom appealed to the Appeals Council, which denied his request for review. On July 25, 2007, Lindstrom timely appealed the agency decision to this court (C 07-3050). On September 29, 2008, I reversed the Commissioner's decision and remanded the case for further proceedings. I also granted Lindstrom's motion for attorney fees under the Equal Access to Justice Act, in the amount of $3,231.09. After a supplemental hearing, an ALJ, on June 2, 2009,

again found that Lindstrom was not disabled. On August 22, 2009, Lindstrom timely appealed the agency decision to this court (C 09-3053). On March 28, 2011, I reversed the Commissioner's decision and remanded the case again for further proceedings. I also granted Lindstrom's motion for attorney fees under the Equal Access to Justice Act, in the amount of $2,631.08. On January 15, 2012, the Commissioner issued a Notice of Award and determined Lindstrom was entitled to $98,161.92[1] in past-due benefits.

On February 3, 2012, Krause filed his pending Motion For Attorney Fees Pursuant To 42 U.S.C. § 406(b). Krause includes as exhibits his Attorney Fee Agreement, signed by Lindstrom and Krause, in which Lindstrom agreed to pay a fee equal to twenty-five percent of his past-due benefits; Lindstrom's January 15, 2012, Notice of Award; and an Itemization of Hours, representing that Krause worked 36.3 hours on this case. Krause requests attorney fees in the amount of 25% of the past-due benefits awarded. As Krause notes, the Notice of Award, when reporting the amount of past-due benefits withheld for attorney fees, in one place lists the amount withheld as $24,540.48 and, in another, $25,540.48. Krause indicates that he requests whichever amount is correct, less the $6,000 the Commissioner has already approved for Krause's advocacy before the agency. The Commissioner, in his response, states that he has verified that the agency has withheld $24,540.48 for potential attorney fees. The Commissioner indicates that he has no objection to payment of attorney fees of $24,540.48, less the $6,000 already approved by the agency, for a final total of $18,540.48.

---

[1] The Notice of Award does not state the total past-due benefits awarded, but I have calculated them based on the Commissioner's report, in his response to this motion, that he has verified that the agency has withheld $24,540.48, which is 25% of the past-due benefits awarded.

## *II. ANALYSIS*

42 U.S.C. § 406(b) supplies the standard for determining attorney fees after a favorable court judgment for a Social Security benefits claimant:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a *reasonable fee* for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.  In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A) (emphasis added).  Therefore, the touchstone for determining attorney fees is reasonableness, with an absolute cap on fees set at twenty-five percent of a claimant's past-due benefits.  A claimant's contingency fee agreement with his or her counsel, however, is also relevant:

> § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.  Congress has provided one boundary line:  Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

3

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (footnotes and citations omitted). Thus, the court cannot enforce any agreement that provides fees exceeding twenty-five percent. *Id.* If a contingent-fee agreement provides for fees within the statutory ceiling, then the court must "review for reasonableness fees yielded by those agreements." *Id.* at 809.

The statute does not create a presumption of reasonableness on the agreed amount, *id.* at 807 n.17, and the burden is on the attorney for the successful claimant to "show that the fee sought is reasonable for the services rendered." *Id.* at 807. Thus, the attorney's recovery should be "based on the character of the representation and the results the representative achieved." *See id.* at 808. The court may take into consideration the timeliness of counsel's work, as well as the comparative difference between the amount of benefits received by the claimant and "the amount of time counsel spent on the case." *Id.* (noting attorney delay and windfalls would justify reductions below the contingent fee agreement amount); *see also Mitchell v. Barnhart*, 376 F. Supp. 2d 916, 920-22 (S.D. Iowa 2005) (discussing whether an award under § 406(b) is a windfall). The court may ask the claimant's attorney to submit "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases" in order to "aid . . . the court's assessment of the reasonableness of the fee yielded by the fee agreement." *Gisbrecht*, 535 U.S. at 808.

Reasonableness must also be determined in the context of social security litigation, where contingent fees are required, *see id.* at 806-07 ("[A]ny endeavor by the claimant's attorney . . . to charge the claimant a noncontingent fee, is a criminal offense." (citing 42 U.S.C. § 406(b)(2); 20 C.F.R. § 404.1740(c)(2))), and where claimants are often unsuccessful, *see* Soc. Sec. Advisory Bd., Disability Decision Making: Data and Materials 91 (May 2006), *available at* http://ssab.gov/documents/chartbook.pdf (noting that only five percent of appeals to federal court allow benefits and forty-five percent are remanded).

Thus, there is a risk of nonpayment that alters what may normally be reasonable in a noncontingent context. *See Brannen v. Barnhart*, No. 99-CV-325, 2004 WL 1737443, at *7 n.11 (E.D. Tex. July 22, 2004) ("A generous de facto hourly rate, among other things, reflects the contingent nature of the representation."). In addition, fee awards should be substantial enough to encourage attorneys to accept social security cases in light of the nonpayment risk. Nevertheless, there is another—competing—policy concern at stake in social security cases: protecting the claimant's disability award. *See Gisbrecht*, 535 U.S. at 805 (noting that the attorney fee comes "out of the amount of the accrued benefits" so "that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees" (alteration in original) (internal quotations omitted)).

As a preliminary matter, Krause's request of $24,540.48 comes within the statutory ceiling of § 406(b), as it is twenty-five percent of Lindstrom's past due benefits of $98,161.92. Likewise, $24,540.48 is consistent with Krause and Lindstrom's contingency agreement, which also set Krause's fee at twenty-five percent of Lindstrom's past-due benefits. Of course, there is no presumption that the agreed-upon fee in this case is reasonable. *See id*. at 807. Rather, I must evaluate whether Krause has shown that his request is reasonable. Krause persevered through three ALJ denials and two remands from the district court and, ultimately, achieved a highly favorable result for his client. Therefore, I find that Krause's requested fee of $24,540.48 is reasonable. Because the Commissioner has already approved $6,000 for Krause's work before the agency, I find that Krause should receive $18,540.48 for his work before this court.

Finally, Krause must refund to Lindstrom the $5,862.17 he received under the EAJA. *See Gisbrecht*, 535 U.S. at 796 ("[T]he claimant's attorney must refun[d] to the claimant the amount of the smaller fee." (internal quotation marks omitted)).

### *III.  CONCLUSION*

THEREFORE, Krause's Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (C 07-3050, docket no. 20; C 09-3053, docket no. 28) is **granted**.[2]  I order payment of $18,540.48 in attorney fees to Thomas Krause.  As a result, Krause must refund his client the EAJA attorney fees of $5,862.17 already awarded in this case.

**IT IS SO ORDERED.**
**DATED** this 13th day of March, 2012.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

---

[2] Krause has filed motions in both cases.  He will receive one combined award of $18,540.48 for both cases.